

**FILED**
**MARCH 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DON SCHUMACHER RACING, an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: |
| McCANN ERICKSON USA, INC., a Delaware Corporation, and MOMENTUM WORLDWIDE, INC., a Delaware Corporation, | ) ) ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

**08 C 1428**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE VALDEZ**

## COMPLAINT

NOW COMES Plaintiff, Don Schumacher Racing ("DSR"), by and through its attorneys and for its Complaint against Defendants, McCann Erickson USA, Inc. ("McCann Erickson") and Momentum Worldwide, Inc. ("Momentum"), alleges as follows:

## PARTIES

1. Plaintiff, DSR, is an Illinois Corporation with its principal place of business at 801 Business Center Drive, Mount Prospect, Illinois 60056. DSR is in the business of preparing, organizing, operating, managing, and entering drag racing teams, including Pro Stock Motorcycle Drag Racing teams, in Powerade NHRA sponsored events.

2. Defendant McCann Erickson is a Delaware Corporation with its principal place of business in New York, New York. McCann Erickson is known as the world's largest and most globally experienced advertising agency network.

3.  Defendant Momentum is a Delaware Corporation with it principal place of business in New York, New York.  Momentum is known as the leading global agency specializing in sponsorship, promotion, event, and retail marketing.

4.  Since 1997, McCann Erickson and Momentum have also been known as and/or done business as McCann Worldgroup.

## NATURE OF ACTION

5.  This is an action stemming from breach of contract due to the failure of McCann Erickson and Momentum to honor an oral agreement to renew a written agreement between DSR and Defendants in the summer of 2007.

## JURISDICTION and VENUE

6.  Pursuant to 28 U.S.C. § 1332, the United States District Court for the Northern District of Illinois has subject matter jurisdiction by reason of the diversity of citizenship of the parties.  Specifically:

   a.  At all relevant times, DSR was and is a citizen of Illinois, as it is a corporation organized, formed, and incorporated in and under the laws of the State of Illinois, having its principal place of business in the State of Illinois.

   b.  At all relevant times, Defendant McCann Erickson was and is a citizen of Delaware and/or New York, as it is a corporation organized, formed, and incorporated in and under the laws of the State of Delaware and has its principal place of business in the State of New York.

  c. At all relevant times, Defendant Momentum was and is a citizen of Delaware and/or New York, as it is a corporation organized, formed, and incorporated in and under the laws of the State of Delaware and has its principal place of business in the State of New York.

  d. The matter in controversy is of citizens of different states.

  e. The amount in controversy exceeds $75,000.00, exclusive of costs and disbursements.

 7. This Court has personal jurisdiction over the Defendants based on at least:

  a. Defendants' engaging in business in Illinois.

  b. Defendants' entering into a contract in Illinois.

  c. Defendants' systematic and continuous contacts with this Judicial District.

 8. The Parties have agreed to "irrevocably submit to venue and exclusive personal jurisdiction in the state and/or federal courts located in Cook County, Illinois for any disputes arising out of this Agreement and waive all objections to jurisdiction and venue of such courts." (Contractual Partnership Agreement at ¶ 15, attached hereto as Exhibit A.)

 9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

 10. On or about October 19, 2005, Leo Burnett USA, Inc. ("Leo Burnett"), through its agent Relay, Inc. ("Relay"), entered into a written contract with DSR in order to partner with DSR in the Powerade NHRA Pro Stock Motorcycle Drag Racing series through December 31, 2010 ("Contractual Partnership"). (The Contractual Partnership is attached hereto as Exhibit A.)

11. On or about June 26, 2006, Leo Burnett and McCann Erickson executed an assignment and assumption agreement to the Contractual Partnership ("Assignment and Assumption Agreement"), whereby Leo Burnett assigned, transferred, delegated and set over all of its rights, title, interests, and duties in and to the Contractual Partnership to McCann Erickson, which McCann Erickson assumed and accepted. (The Assignment and Assumption Agreement is attached hereto as Exhibit B.)

12. The Contractual Partnership provides that (1) the terms and conditions of the Renewal Period shall be established by agreement of the parties negotiating in good faith; and (2) if the parties failed to agree to terms and conditions prior to August 1, 2006, the right of renewal shall be null and void, and each party will be free to contract with any third party regarding the subject matter thereof.

13. The written Contractual Partnership between McCann Erickson and DSR relating to the NHRA Pro Stock Motorcycle Drag Racing Series originally commenced in 2000.

14. Each year between 2000 and 2006, Leo Burnett or McCann Erickson and/or its agents verbally committed to renew the Contractual Partnership with DSR prior to the contract deadline of August 1 of the specific calendar year.

15. After the verbal commitment to renew the Contractual Partnership was given each year, the written renewal terms were placed in writing after August 1 of the specific calendar year.

16. Such practice is evidenced by Momentum's September 26, 2006 correspondence from Peter Office of Momentum to Donald Schumacher regarding the renewal of the primary partnership of the Pro Stock Motorcycles for the 2007 race season. (Mr. Office's September 26,

4

2007 correspondence evidencing this practice is attached hereto as Exhibit C.) Donald Schumacher is the CEO and President of DSR.

17. Between July 15, 2007 and August 1, 2007, Defendants verbally agreed with Donald Schumacher that the Contractual Partnership for the Pro Stock Motorcycle Drag Racing series would continue through 2008 ("Oral Agreement to Renew the Contractual Partnership").

18. In reliance upon the Oral Agreement to Renew the Contractual Partnership, DSR: (a) entered into a separate contract with American Suzuki to develop a new motorcycle engine, wherein DSR invested in excess of $1,200,000.00; (b) developed, engineered and constructed new equipment, machinery and work area expansions for the Pro Stock Motorcycle teams, which cost DSR at least an additional $1,200,000.00; and (c) extended and/or renewed contracts with key team personnel ("Team Personnel Contracts"), including, but not limited to, drivers, crew chiefs and staff.

19. In September 2007, Mr. Peter Office of Momentum contacted Donald Schumacher by telephone and verbally indicated that, despite the Oral Agreement to Renew the Contractual Partnership, Defendants would no longer be renewing the Contractual Partnership of the DSR Pro Stock Motorcycle teams.

20. In response to Defendants' termination of the Contractual Partnership, DSR was required to terminate the Team Personnel Contracts and honor severance clauses in those contracts, which required payments in excess of $450,000.00.

21. Due to Defendants' breach of the Oral Agreement to Renew the Contractual Partnership, DSR was not paid the agreed upon consideration of $1,149,000, plus $40,000 bonus.

22. DSR suffered monetary damages in an amount in excess of $4,000,000.00 due to Defendants' breach of their Oral Agreement to Renew the Contractual Partnership.

**COUNT I**
**BREACH OF ORAL CONTRACT**
**(Against McCANN ERICKSON and MOMENTUM)**

23.  DSR re-alleges and adopts Paragraphs 1-22 as if fully set forth herein.

24.  Defendants McCann Erickson and Momentum are in breach of their oral contract with DSR.

25.  Between July 15, 2007 and August 1, 2007, Defendants verbally committed an offer to DSR through Donald Schumacher that the Contractual Partnership for the Pro Stock Motorcycle Drag Racing series would continue through 2008 ("Defendants' Offer").

26.  In response, Donald Schumacher, on behalf of DSR, verbally accepted Defendants' Offer ("DSR's Acceptance").

27.  In consideration of the Defendants' Offer, DSR did not contact with any third parties to engage in granting primary partnership rights with DSR in the Powerade NHRA Pro Stock Motorcycle Drag Racing Series for 2008.

28.  In accordance with the Defendants' Offer and DSR's Acceptance, DSR performed all contractual conditions, including, but not limited to, extending and/or renewing contracts to key team personnel, as well as developing, engineering and constructing new equipment, machinery and work area expansions.

29.  In reliance of the Defendants' Offer, DSR entered into a separate contract with American Suzuki to develop a new motorcycle engine.

30.  In September 2007, the Defendants breached the agreement they made when Defendants advised DSR that they would not be renewing the sponsorship of the DSR Pro Stock Motorcycle teams ("Defendants' Breach").

31.     As a result of the Defendants' Breach, DSR suffered damages in excess of $4,000,000.00, including, but not limited to, lost sponsorship money, severance payments to key team personnel, payment to American Suzuki, and payment for equipment.

WHEREFORE, Plaintiff, Don Schumacher Racing, prays that judgment be entered against the Defendants, McCann Erickson and Momentum, in a sum in excess of $4,000,000.00, and for such other and further relief that this Court deems just.

## COUNT II
## BREACH OF WRITTEN CONTRACT
## (Against McCANN ERICKSON and MOMENTUM)

32.     Plaintiff re-alleges and adopts Paragraphs 1-22 as if fully set forth herein.

33.     On or about October 19, 2005, Leo Burnett, through its agent Relay, entered into a Contractual Partnership with DSR in order to partner with DSR in the Powerade NHRA Pro Stock Motorcycle Drag Racing series through December 31, 2010.  (*See* Exhibit A.)

34.     On or about June 26, 2006, Leo Burnett and McCann Erickson executed an Assignment and Assumption Agreement whereby McCann Erickson assumed and accepted all rights and obligations under the Contractual Partnership.  (*See* Exhibit B.)

35.     In accordance with the Contractual Partnership, DSR performed all contractual obligations, including, but not limited to, extending and/or renewing contracts to key team personnel; developing, engineering and constructing new equipment, machinery and work area expansions; and not contacting any third party(s) to grant primary partnership rights with DSR in the Powerade NHRA Pro Stock Motorcycle Drag Racing Series for 2008.

36.	In September 2007, Defendants breached the Contractual Partnership when Mr. Office of Momentum advised DSR that Defendants would not be honoring the Contractual Partnership.

37.	As a result of the Defendants' Breach, DSR suffered damages in excess of $4,000,000.00, including, but not limited to, lost sponsorship money, severance payments to key team personnel, payment to American Suzuki, and payment for equipment.

WHEREFORE, Plaintiff, Don Schumacher Racing, prays that judgment be entered against the Defendants, McCann Erickson and Momentum, in a sum in excess of $4,000,000.00, and for such other and further relief that this Court deems just.

## COUNT III
## QUASI CONTRACT - BREACH OF IMPLIED CONTRACT
## (Against McCANN ERICKSON and MOMENTUM)

38.	Plaintiff re-alleges and adopts Paragraphs 1-22 as if fully set forth herein.

39.	Between 2000 and 2008, the Defendants and DSR have dealt with each other and have developed a relationship ("Relationship").

40.	Specifically, between 2000 and 2008, the Defendants have entered into a Relationship with DSR to perform certain services, including, but not limited to, primary advertising partnership and sponsorship rights in the NHRA Powerade Pro Stock Motorcycle and/or Top Fuel Dragster Drag Racing Series ("Sponsorship").

41.	During the Relationship, DSR would move forward with the coming year's Sponsorship by consideration of the Defendants' acts and conduct.

42.	Said acts and conduct were the Defendants' assurances of continuation of the Sponsorship in the coming year.

43. In 2007, DSR relied upon the Relationship and past practice formed through the Relationship in order to move forward with the Sponsorship as done in past years.

44. Despite the Relationship's past practice, the Defendants failed to perform as done in prior years.

45. As a result of the Defendants' failure to perform, DSR suffered damages in excess of $4,000,000.00, including, but not limited to, lost sponsorship money, severance payments to key team personnel, payment to American Suzuki, and payment for equipment.

WHEREFORE, Plaintiff, Don Schumacher Racing, prays that judgment be entered against the Defendants, McCann Erickson and Momentum, in a sum in excess of $4,000,000.00, and for such other and further relief that this Court deems just.

## COUNT IV
## PROMISSORY ESTOPPEL
## (Against McCANN ERICKSON and MOMENTUM)

46. Plaintiff re-alleges and adopts Paragraphs 1-22 as if fully set forth herein.

47. Between July 15, 2007 and August 1, 2007, Defendants made an unambiguous promise to DSR to continue the terms and conditions of the Contractual Partnership in 2008.

48. DSR justifiably and reasonably relied upon the promise to its detriment when it (a) did not contact any third parties to engage in granting primary partnership rights; (b) entered into a separate contract with American Suzuki; (c) renewed and/or extended contracts to key team personnel; and (d) developed new equipment, machinery and work area expansions, among other things.

49. DSR's reliance upon Defendants' promise was foreseeable to Defendants, in part because this same practice of conduct occurred in prior years.

50.     As a result of DSR's reliance, DSR suffered monetary damages in excess of $4,000,000.00, including, but not limited to, lost sponsorship money, severance payments to key team personnel, payment to American Suzuki, and payment for equipment.

WHEREFORE, Plaintiff, Don Schumacher Racing, prays that judgment be entered against Defendants, McCann Erickson and Momentum, in a sum in excess of $4,000,000.00, and for such other and further relief that this Court deems just.

Respectfully submitted,

DON SCHUMACHER RACING

By /s/ Christopher J. Stetler
       One of its Attorneys

Charles Chejfec (ARDC No.: 6230825)
Christopher J. Stetler (ARDC No.: 6284070)
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
312-902-5200  telephone
312-902-1061  facsimile
christopher.stetler@kattenlaw.com
charles.chejfec@kattenlaw.com

Shantel D. Bill
Don Schumacher Racing Corporation
801 Business Center Drive
Mount Prospect, IL 60656
(224) 612-7250 direct
(847) 299-5830 facsimile
bills@schumacherelectric.com
Illinois Bar #6276197