IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON SCHUMACHER RACING, an Illinois corporation, | ) ) ) |
| Plaintiff, | ) No. 08 C 1428 ) |
| v. | ) Judge Gottschall ) |
| McCANN ERICKSON USA, INC. and MOMENTUM WORLDWIDE, INC., | ) Magistrate Judge Valdez ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN A REQUIRED PARTY PURSUANT TO FED. R. CIV. P. 12(b)(7) AND 19(b) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants McCann Erickson USA, Inc. ("McCann") and Momentum Worldwide, Inc. ("Momentum") (collectively, "Defendants"), by and through their undersigned counsel, respectfully move to dismiss the Complaint for failure to join a required party pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Defendants state as follows.

1.   Plaintiff Don Schumacher Racing ("DSR") asserts claims against Defendants for breach of oral and written contract, promissory estoppel, and quasi-contract based on an alleged oral agreement between DSR and Defendants to renew a Pro Stock Motorcycle Drag Race Partnership Agreement ("Partnership Agreement"). The Partnership Agreement contemplated sponsorship by the United States Army Accessions Command ("Army-AC") of a motorcycle racing team managed by DSR.

2.   McCann assumed the Partnership Agreement, by assignment, explicitly as agent on behalf of the Army-AC. Momentum was not a party to the assignment. Thus,

DSR has sued a company who never signed or assumed any agreement with DSR, and has failed to join the only entity which is, even theoretically, liable under the Partnership Agreement – the Army-AC. The Army-AC, however, cannot be joined in this action because the United States Court of Federal Claims has exclusive jurisdiction over breach of contract actions against the United States or its agencies, in excess of $10,000, and DSR has alleged damages of over $4 million. Under the factors set forth in Rule 19, the Army-AC is a required party whose joinder is not feasible. Therefore, under Rule 12(b)(7), this action may not proceed.

      3.    In addition, this action must be dismissed because DSR has attempted to sue agents for a disclosed principal, and not the principal itself. Thus, under well-established agency law, the Complaint fails to state a claim against Defendants and must be dismissed pursuant to Rule 12(b)(6).

      4.    The Complaint also alleges the breach of an alleged oral agreement that could not be performed within one year. Therefore, the action must be dismissed under Rule 12(b)(6) because such an agreement is barred by the Illinois Statute of Frauds.

      5.    Finally, the Complaint alleges the existence of an express contract, which bars recovery based on quasi-contract.

      6.    For all of these reasons, the Complaint should be dismissed in its entirety.

      WHEREFORE, for the foregoing reasons, and for the reasons set forth in the accompanying Memorandum of Law, Defendants' Motion to Dismiss for Failure to Join a Required Party Pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b), and for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), should be granted.

Dated: June 30, 2008

          Respectfully submitted,

          McCANN ERICKSON USA, INC. and
          MOMENTUM WORLDWIDE, INC.


          By /s/ David R. Lidow
            One of Their Attorneys

Frederic R. Klein
Deborah Rzasnicki Hogan
David R. Lidow
GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

-3-