IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON SCHUMACHER RACING, an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> McCANN ERICKSON USA, INC., and MOMENTUM WORLDWIDE, INC., <br><br> Defendants. | No.: 08 C 1428 <br> Judge Gottschall <br> Magistrate Judge Valdez |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES, Plaintiff, Don Schumacher Racing, ("DSR") by and through its attorneys and respectfully submits its Response to Defendants' Motion to Dismiss, stating as follows:

1. On March 10, 2008 Plaintiff filed a four count Complaint against Defendants, McCann Erickson USA, Inc., ("McCann"), and Momentum Worldwide, Inc., ("Momentum"), alleging Breach of Oral Contract, Breach of Written Contract, Breach of Implied Contract/Quasi Contract, and Promissory Estoppel because the Defendants failed to honor an oral agreement to renew a written agreement relating to an NHRA sponsorship with DSR.

2. In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss for failure to join a required party under Federal Rule of Civil Procedure 12(b)(7) and 19(b) and for failure to state a claim under Federal Rule Civil Procedure 12(b)(6).

3. In ruling on a motion to dismiss, a court must accept as true all allegations of the complaint. *Davis Cos. V. Emerald Casino, Inc.*, 268 F.3d 477, 479 (7th Cir. 2000).

4.  Defendants' Motion to Dismiss sets forth two distinct arguments. First, Defendants argue the United States Army ("Army") is a "sole indispensible party" and the real party in interest and Plaintiff's failure to join this party should require dismissal according to Federal Rules of Civil Procedure 19(b). Defendants' Rule 19 request for dismissal is misplaced because the Army is not a "necessary" party under Rule 19(a). Further, the Army is not an "indispensable" party under Rule 19(b). As such, dismissal of this action would not be required under 12(b)(7).

5.  Defendants secondarily argue that Plaintiff failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on three grounds: (1) that a principal cannot be liable for a contract under agency; (2) that the statute of frauds bars a claim for breach of oral contract and promissory estoppel; and (3) that an implied contract/quasi contract theory cannot be alleged when a contract is alleged.

6.  Defendants' attempt to allege Plaintiff failed to state a claim upon which relief can be granted should fail because: (1) Defendants are more than mere agents under the contracts; (2) this cause of action falls outside of the statute of frauds; and (3) Plaintiff may assert alternative and/or conflicting theories of recovery in a federal cause of action.

7.  For the reasons stated above, along with the reasons articulated in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests this court deny Defendants' Motion to Dismiss premised upon Federal Rule of Civil Procedure 12(b)(7) and 12(b)(6).

WHEREFORE, Plaintiff requests this court deny Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,
DON SCHUMACHER RACING

By: /s/ Shantel D. Bill
      One of its attorneys

Charles Chejfec (#6230825)
Christopher Stetler (#6284070)
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
(312)902-5200 telephone
(312)902-1061 facsimile
Charles.chejfect@kattenlaw.com
Christopher.stetler@kattenlaw.com


Cory Watkins (Pro Hac Admission)
Shantel Bill (#6276197)
Don Schumacher Racing Corporation
801 Business Center Drive
Mount Prospect, IL 60056
(224)612-7250 telephone
(847)299-5830 facsimile
watkinsc@schumacherelectric.com
bills@schuamcherelectric.com